# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

No. 14-50528
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS LUNA VARELA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-577-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mexican national Tomas Luna Varela (Luna) appeals the 36-month within-guidelines sentence he received following his conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Luna contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a), particularly given his age and the attendant low risk of recidivism. He concedes that a presumption of reasonableness

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50528

applies to his within-guidelines sentence but urges, for the first time, that no such presumption should apply because the illegal reentry guideline is not empirically supported and overstates the seriousness of the offense.

As Luna concedes, his argument that the presumption of reasonableness should not apply because the illegal reentry guideline is not empirically supported is foreclosed. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). His challenge to the illegal reentry guideline on the ground that it overstates the seriousness of the offense is similarly unavailing. *See United States v, Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Luna has failed to rebut the presumption of reasonableness attached to his within-guidelines sentence. The district court's comments at sentencing clearly demonstrate that it considered Luna's age, along with other circumstances, including his criminal past, in imposing sentence where it did within the guidelines range. Luna does not point to any overlooked or improperly considered factors, and his mere disagreement with the propriety of the sentence imposed does not establish that his sentence is unreasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). His challenge to his sentence is essentially a request to have this court reweigh the sentencing factors, which this court will not do. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

AFFIRMED.